UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

CELESTE PIOTTO,

Plaintiff,

-vs- Case No.
Hon.

LAFONTAINE IMPORTS AA, INC.,

Defendant.

**COMPLAINT AND JURY DEMAND**

**JURISDICTION**

1. This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

2. As to any supplemental claims set forth herein, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction and the interests of justice would best be served if this Court heard these claims along with the federal claims.

**PARTIES**

3. The Plaintiff to this lawsuit is Celeste Piotto who resides in Ann Arbor, Michigan in Washtenaw County.

4. The Defendant to this lawsuit is Lafontaine Imports AA, Inc. ("LIAAI") which is a corporation doing business in Michigan and which by statute and condition of licensing, may be served through its irrevocable resident agent, the Bureau of Regulatory Services, Business Licensing and Regulation Division, State of Michigan, Cashier's Unit, 7064 Crowner Dr., Dimondale, MI 48821.

## VENUE

5. The transactions and occurrences which give rise to this action occurred in Washtenaw County.

6. Venue is proper in the United States District Court for the Eastern District of Michigan.

## GENERAL ALLEGATIONS

7. On or about September 29, 2023, Plaintiff purchased a certain 2015 Chevrolet Equinox, VIN 2GNFLGEK0F6205930 ("the vehicle") from LIAAI.

8. On that date, LIAAI represented to the Plaintiff that the vehicle had 83,936 actual miles.

9. When LIAAI represented to Plaintiff that the actual mileage on the vehicle was 83,936 miles, that statement was false, LIAAI knew it was false, and LIAAI made the false statement with the intent to defraud the Plaintiff.

10. When LIAAI represented to Plaintiff that the actual mileage on the vehicle was 83,936 miles, that statement was false, LIAAI knew or should have known it was false, and LIAAI made the false statement with the intent to defraud the Plaintiff.

11. Prior to purchasing the vehicle, the actual mileage of the vehicle was noted at various times and dates and contemporaneously recorded.

12. On or about May 23, 2019 , the vehicle was serviced at Bowman Chevrolet in Clinton, Michigan and on that date, the actual mileage of the vehicle was observed and contemporaneously recorded as recorded as 129,562 miles.

13. On or about August 8, 2019, the vehicle was serviced at Bowman Chevrolet in Clinton, Michigan and on that date, the actual mileage of the vehicle was observed and contemporaneously recorded as recorded as 136,671 miles.

14. On or about January 21, 2020, the vehicle was serviced at Bowman Chevrolet in Clinton, Michigan and on that date, the actual mileage of the vehicle was observed and contemporaneously recorded as recorded as 149,581 miles.

15. On or about April 10 2020, the vehicle was serviced at Valvoline Instant Oil Change in Toledo, OH, and on that date, the actual mileage of the vehicle was observed and contemporaneously recorded as recorded as 156, 265 miles.

16. On or about November 6, 2020, the vehicle was serviced at Uncle Ed's Oil Shop in Ypsilanti, Michigan and on that date, the actual mileage of the vehicle was observed and contemporaneously recorded as recorded as 169,636 miles.

17. On or about February 3, 2021 the vehicle was serviced at Bowman Chevrolet in Clinton, Michigan and on that date, the actual mileage of the vehicle was observed and contemporaneously recorded as recorded as 177,211 miles.

18. On or about May 19, 2021 the vehicle was serviced at Bowman Chevrolet in Clinton, Michigan and on that date, the actual mileage of the vehicle was observed and contemporaneously recorded as recorded as 182,715 miles.

19. On or about September 7, 2021 the vehicle was serviced at Valvoline Instant Oil Change in Toledo, OH, and on that date, the actual mileage of the vehicle was observed and contemporaneously recorded as recorded as 188,825 miles.

20. On or about March 3, 2022 the vehicle was serviced at Bowman Chevrolet in Clinton, Michigan and on that date, the actual mileage of the vehicle was observed and contemporaneously recorded as recorded as 199,715 miles.

21. Before consummating the purchase of the vehicle, LIAAI made the following material representations ("material representations") which also constituted express warranties, were false, and related to the vehicle:

    a. That the vehicle had 83,936 actual miles.

22. Before executing the purchase agreement, LIAAI made the following specific representations which constituted express warranties:

    a. That the vehicle had 83,936 actual miles.

23. The vehicle did not meet LIAAI's specific representations which constituted express warranties.

24. The vehicle constitutes a “good” under article 2 of the UCC, M.C.L. § 440.2101 *et seq*.

25. Plaintiff suffered damages as a result of the acts and omissions set forth herein.

**COUNT I -- Federal Odometer Act**

**(LIAAI)**

26. Plaintiff incorporates the preceding allegations by reference.

27. By failing to provide Plaintiff with a legal and accurate odometer disclosure at the time of sale, LIAAI has, with intent to defraud, violated the Federal Odometer Act, 49 U.S.C. § 32701-32711.

28. The odometer on the vehicle did not accurately reflect the actual miles of the vehicle at the time of sale.

29. The odometer statement presented to Plaintiff did not accurately reflect the odometer reading of the vehicle at the time the vehicle was sold to Plaintiff.

30. LIAAI knew or had reason to know of the inaccuracy of the odometer at the time it sold the vehicle to Plaintiff.

31. LIAAI knew or had reason to know of the inaccuracy of the odometer statement relating to the vehicle, which statement was presented to Plaintiff.

32. Plaintiff suffered damages as a result of the violations set forth herein.

**COUNT II -- Michigan Odometer Act**

**(LIAAI)**

33. Plaintiff incorporates the preceding allegations by reference.

34. By failing to provide Plaintiff with a legal and accurate odometer disclosure at the time of sale, LIAAI has, with intent to defraud, violated M.C.L. § 257.233a.

35. The odometer on the vehicle did not accurately reflect the actual miles of the vehicle at the time of sale.

36. The odometer statement presented to Plaintiff did not accurately reflect the odometer reading of the vehicle at the time the vehicle was sold to Plaintiff.

37. LIAAI knew or had reason to know of the inaccuracy of the odometer at the time it sold the vehicle to Plaintiff.

38. LIAAI knew or had reason to know of the inaccuracy of the odometer statement relating to the vehicle, which statement was presented to Plaintiff.

39. Plaintiff suffered damages as a result of the violations set forth herein. §257.233a.

**COUNT III -- Violation of Michigan Consumer Protection Act**

**(LIAAI)**

40. Plaintiff incorporates the preceding allegations by reference.

41. LIAAI is engaged in trade or commerce as that terms is defined in M.C.L. § 445.902.

42. LIAAI has engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L.§ 445.903, including but not limited to the following:

    a. Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

    b. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

c. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

d. Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, if the merchant knows or has reason to know that the statement is not true.

e. Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

f. Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

g. Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

43. Plaintiff suffered damages as a result of these violations of the Michigan Consumer Protection Act.

## COUNT IV -- Misrepresentation

## (LIAAI)

44. Plaintiff incorporates the preceding allegations by reference.

45. The material representations were intended to induce the reliance of Plaintiff.

46. The material representations did induce the reasonable reliance of Plaintiff.

47. LIAAI made the material representations with actual knowledge of their falsity.

48. LIAAI made the material representations with reckless disregard to their truth or falsity.

49. LIAAI made the material representations even though it should have known that they were false.

50. These actions constitute a misrepresentation upon Plaintiff.

51. Plaintiff suffered damages as a result of this misrepresentation.

## COUNT V -- Breach of Contract

## (LIAAI)

52. Plaintiff incorporates the preceding allegations by reference.

53. LIAAI's tender of the performance did not conform as a result of the vehicle's mechanical defects, lack of merchantability, and lack of fitness for intended purpose which existed at the time of delivery.

54. The failure of LIAAI to deliver conforming goods, title, and follow up services at the contract price constitutes a material breach of contract.

55. Plaintiff suffered damages as a result of this breach of contract.

## JURY DEMAND

56. Plaintiff requests a jury trial in this case.

## REQUEST FOR RELIEF

Plaintiff requests that this Honorable Court assume jurisdiction over this case and including all supplemental claims, award actual damages, treble damages, statutory and punitive damages, costs, and attorney fees.

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By: /s/ Adam G. Taub
Adam G. Taub (P48703)
Attorney for Celeste Piotto
17200 West 10 Mile Rd. Suite 200
Southfield, MI 48075
Phone: (248) 746-3790
Email: adamgtaub@clgplc.net

Dated: August 18, 2026